**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00946-DDD-KLM

**BENJAMIN NAGEL,**
      On behalf of himself and those similarly situated,

          Plaintiff,

   v.

**DFL PIZZA, LLC, TRI-CITY PIZZA, INC.,
MINUTEMAN PIZZA, LTD.,
PINNACLE PIZZA, INC.,
JAY FEAVEL, CHARLES S. DOLAN,
JOHN DOE CORP. 1-10, JOHN DOE 1-10**,

          Defendants.

---

**DEFENDANT DFL PIZZA, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN
SUPPORT OF MOTION TO PARTIALLY DISMISS THE COMPLAINT**

---

      Defendant DFL Pizza, LLC ("Defendant") hereby submits this Notice of Supplemental Authority in Support of its Motion to Partially Dismiss the Complaint [Doc. 35] (the "MPD") and its Reply in Support of Motion to Partially Dismiss the Complaint [Doc. 44] (the "MPD Reply" and, together with the MPD, the "MPD Briefs").

      1.      Defendant filed its MPD on July 12, 2021, seeking partial dismissal of Plaintiff Benjamin Nagel's ("Plaintiff") Class and Collective Action Complaint [Doc. 1] (the "Complaint") under Fed. R. Civ. P. 12(b)(6).  In the MPD and as relevant to this notice, Defendant sought dismissal of Plaintiff's state law wage claims in the Complaint to the extent those claims seek relief beyond a two/three-year statute of limitations.  (*See* MPD, pp. 7-12.)

2.      A Court in this District recently issued an opinion in *Balle-Tun v. Zeng & Wong, Inc.*, No. 21-cv-03106-NRN, 2022 WL 1521767 (D. Colo. May 13, 2022), in which the Court granted the defendant's motion for partial dismissal of the plaintiffs' complaint, including dismissing the plaintiffs' wage claims under the Colorado Wage Orders, COMPS Order, and CMWA because they were barred by the two/three-year statute of limitations the Court held applied to these claims.  A copy of the *Balle-Tun* opinion is attached as **Exhibit A**.  Defendant respectfully submits that the *Balle-Tun* opinion supports its MPD Briefs as they relate to the applicability of a two/three-year limitations period to Plaintiff's state law wage claims for the reasons set forth below.

3.      The *Balle-Tun* Court explained that "'[i]t is the nature of the right sued upon and not the form of action or the relief demanded, which determines the applicability of a particular statute of limitations.'"  2022 WL 1521767, at *3 (alteration in original) (quoting *McDowell v. United States*, 870 P.2d 656, 661 (Colo. App. 1995).  The Court further explained that "[w]hen determining which of two possibly applicable statutes of limitations applies, the Colorado Supreme Court instructs that courts consider the following rules of statutory construction: (1) a later enacted statute should be applied over an earlier enacted statute; (2) the more specific of two applicable statutes should be applied; and (3) the longer of two applicable statutes should be applied," *id.* (citing *Reg'l Transp. Dist. v. Voss*, 890 P.2d 663, 668 (Colo. 1995)); "[h]owever, the third rule is the 'rule of last resort,'" *id.* (quoting *BP Am. Prod. Co. v. Patterson*, 185 P.3d 811, 814 (Colo. 2008)).

4.      Importantly, the Court in *Balle-Tun* also stated "[t]he Colorado Supreme Court has explained" that "a provision existing as part of a comprehensive statutory scheme must be

understood, when possible, to harmonize the whole," and "the various parts of a comprehensive statutory scheme are consistent with and apply to each other, without being required to incorporate each by express reference in the other." *Id.* (quoting *BP Am. Prod. Co.*, 185 P.3d at 813).

5.      Based on these foregoing principles of Colorado law, the *Balle-Tun* Court held "that the two-year statute of limitations set forth in § 8-4-122 [of the CWA] applies to [the plaintiffs'] claims for overtime wages and meal breaks." *Id.*   The Court held that claims seeking to enforce rights "related to unpaid wages for overtime and rest breaks" are the types of claims the CWA is designed to address. *Id.* (citing *Schroetlin v. Alpine Disposal Inc.*, Case No. 2020CV31813 (Colo. Dist. Ct. Jan. 29, 2021)).   Therefore, the Court held that the CWA statute of limitations was the more specific statute of limitations applicable to such claims, thus the so-called rule of last resort for statutes of limitations did not apply. *Id.* (citations omitted).

6.      Furthermore, the Court in *Balle-Tun* aptly concluded that:

[a]pplying the statute of limitations in § 8-4-122 harmonizes the [CWA] and CMWA, which are part of the same statutory scheme and should be construed in pari materia. Allowing a plaintiff to reach back only two or three years for wage claims under the [CWA], but six years for minimum wage claims under the CMWA, is illogical. Such a holding would apply different statutes of limitations based on the form of action or remedy sought, rather than the nature of the right to be enforced. *See McDowell*, 870 P.2d at 661.

*Id.* at *4.

7.      The *Balle-Tun* Court found further support for its holding that the CWA statute of limitations applied to the plaintiffs' claims under the Colorado Wage Orders, COMPS Order, and CMWA based on the three-year recordkeeping requirement for pay records, upon which the *Hernandez* Court also relied. *Id.* (citing *Hernandez*, 414 P.3d at 704-05).

8.     Moreover, the Court in *Balle-Tun* found the *Hernandez* Court's reasoning regarding the Colorado General Assembly's intent to bring the CWA's statute of limitations in line with the Fair Labor Standard Act's statute of limitations persuasive as to claims under the CMWA. *Id.* (citing *Hernandez*, 414 P.3d at 705).

9.     Additionally, the *Balle-Tun* Court specifically addressed *Sobolewski* and concluded that *Sobolewski*'s reliance on the so-called rule of last resort was contrary to the *Balle-Tun* Court's reliance "on the rule of interpretation directing courts to read statutes in pari materia and to apply the more specific of two applicable statutes of limitation." *Id.* at *5. The *Balle-Tun* Court also explained that the DLSS's clarified and modified COMPS Order Rule 8 – 7 Colo. Code Regs. 1103-1:8.1 and 8.2 – "evidence[s] the CDLE DLSS's efforts to harmonize claims brought under either" the CWA or CMWA, which further contradicted *Sobolewski*. *Id.* at *5-6.

Accordingly, Defendant respectfully submits that the Court's recent opinion in *Balle-Tun* is well-reasoned and therefore supports granting its MPD by holding that Plaintiff's state law wage claims are governed by a two/three-year statute of limitations.

Respectfully submitted this 24th day of May, 2022.

<div style="margin-left: 40%;">

*s/Micah D. Dawson*
Micah D. Dawson, Esq.
FISHER & PHILLIPS LLP
1125 17th Street, Suite 2400
Denver, Colorado 80202
Phone: (303) 218-3665
E-mail: mdawson@fisherphillips.com

Kathleen McLeod Caminiti, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303

</div>

4

Murray Hill, New Jersey 07974
Phone: (908) 516-1050
E-mail: kcaminiti@fisherphillips.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Andrew Kimble
>Phil Krzeski
>Biller & Kimble, LLC
>8044 Montgomery Road, Suite 515
>Cincinnati, Ohio  45236
>pkrzeski@billerkimble.com
>akimble@billerkimble.com

>*s/ Carolyn Cook*
>For FISHER & PHILLIPS LLP