IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00946-DDD-SBP

BENJAMIN NAGEL, on behalf of himself and those similarly situated,

    Plaintiff,

v.

DFL PIZZA, LLC, JAY FEAVEL, CHARLES S. DOLAN,
JOHN DOE CORP. 1-10, and JOHN DOE 1-10,

    Defendants.

## JOINT MOTION TO CONFIRM ARBITRATION AWARD

The Parties jointly move the Court, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the Final Arbitration Award entered by Arbitrator Jerome A. Diekemper on June 2, 2025 (copy attached as "Exhibit 1").

1.    Plaintiffs include Named Plaintiff Benjamin Nagel and the 109 opt-In Plaintiffs in this action, each of which was a Claimant in the Parties' arbitration:

    Benjamin Nagel
    Angel Acosta
    Elijah Anderson
    Alec Asplund
    Jordan Baird
    True Baldwin
    Lyndsay Becke
    Brooke Beecroft
    Boden Benoit
    Cosette Bonnet
    Nathaniel Bouchard
    Terry Braden
    Rob Briscoe
    Justin Burgess
    Justin Campbell
    Gerald Clarke
    Michelle Click

Beverly Cloude
Jonathan Coolley
Ian Cuypers
Ginger Dall
Zachary Davison
Clayton DeBoer
Tatianna Douglas
Elizabeth Durand
Carlos Duran-Rael
Abigail Eckhardt
Lauren Elrod
Laura Engel
Shawn Erekson
Samantha Espinosa
Dylan Faile
Matthew Faltz
James Feldhaus
Jacob Fuss
Sawyer Golden
Alexandria Granados
Trevor Groves
Sean Headrick
Angelo Hernandez
Anna Hiatt
Dave Holcomb
Donald Huhn
Kelsey Hullett
Brandon Hutchison
Timothy Jimenez
Michael Kellogg
Kellen Knight
Karl Komarek
Sarah Lambert
Shawn Lampp
Grace Lewis
Jacob Lockwood
Joseph Lopez
Adalyn Lukowicz
Jared Lukowicz
Taylor Maldonado
Micah Mandeville
Haleigh Maresca
Stephen Maresca
Ben McCreery
Sam McCreery
Mark Medina

Nolan Metzger
Alan Mineault
Cassandra Mineault
Christopher Morelock
Alexander Moreno
Hope Murray
Laura Nave
Tythan Nicks
Julianna Nine
Maxim Osborn
Daniel Pergola
Meaghan Periman Towslee
Mary Phillips
Tyler Pierce
Haleigh Pirnay
Kathryn Psenda
Guadalupe Ramirez
Shahin Rastegarpour
Nicholas Richmond
Tiffany Rill
Nathan Rome
Phillip Romero
John Roybal
Emiliano Salcido
Michael Salucci
Gabriel Sandoval
Auzriell Schicke
Brian Schlotterbeck
Charles Schnabel
Nicholas Sedillo
Braxton Seidel
Madison Shipman
Jack Silcox
Matthew Thomase
Caitlyn Townsend
Geoff Valdez
Zachary Voorhees
Monica Walden
Shane Wesbrook
John Westerberg
Logan Westgard
Chad Williams
Nicolas Williams
Rachel Williams
Walter Willoughby
John Wright

Kyle Zellner

1. On May 2, 2025, the parties entered into a formal settlement agreement documenting the terms of a settlement of the claims asserted in this action.

2. Per the terms of settlement, the Parties submitted the issue of approval of their settlement to Arbitrator Jerome A. "Jerry" Diekemper. As a result of the arbitration, Arbitrator Diekemper issued a Final Arbitration Award on June 2, 2025 approving the Parties' settlement as a fair and reasonable resolution of the claims. Ex. 1.

3. All of the 110 Plaintiffs and Defendants DFL Pizza, LLC, Jay Feavel and Charles S. Dolan jointly seek confirmation of the Final Arbitration Award.

4. The Parties jointly move the Court to confirm the final arbitration award and enter judgment. The Arbitrator's Award states that the parties have waived all appeal rights subject only to satisfaction of the terms of the settlement confirmed by the Arbitrator's Award, which the Court acknowledges and approves.

5. This Court holds jurisdiction to enter judgment on the Final Arbitration award. The Tenth Circuit holds that parties may consent to federal district courts' confirmation of their arbitration awards. *P & P Indus. Inc. v. Sutter Corp.*, 179 F.3d 861, 866-67 (10th Cir. 1999). Here, all Parties have agreed to this Court's jurisdiction to confirm the Final Arbitration Award.

6. Pursuant to FAA Section 9, 9 U.S.C. § 9, the Court holds the authority to confirm the Final Arbitration Award by entering an order and judgment upon same. 9 U.S.C. § 9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

7. Upon the timely motion for confirmation of an arbitration award, the court must grant confirmation unless the award is vacated pursuant to FAA Section 10, 9 U.S.C. § 10. *Dodson Int'l. Parts, Inc. v. Williams Int'l. Co.*, 12 F.4th 1212, 1229 (10th Cir. 2021) (a district court must confirm an arbitration award unless it finds grounds to vacate the award under FAA Section 10, 9 U.S.C. § 10). Neither side contends, nor presents evidence showing, that the Final Arbitration Award was procured by corruption, fraud or undue means; that there has been evident partiality or corruption in the arbitration; that the arbitrator was guilty of misconduct in refusing to postpone any hearing, refusing to hear evidence pertinent or material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced; or that the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10. Thus, the Final Arbitration Award should be confirmed.

8. The "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Compaid de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V,*, 970 F,3d 1269, 1287 (10th Cir. 2020); *Shenzhen Gooloo E-Commerce Co., Ltd. v. Pilot, Inc.*, 2024 U.S. Dist. Lexis 41537, at *27-28 (D. Colo. Mar. 8, 2024).

9. The Parties' proposed Order is attached.

WHEREFORE, the Parties request that the Court lift the stay, grant their Joint Motion to Reopen Case and Confirm Arbitration Award, enter judgment in favor of Named Plaintiff Benjamin Nagel and the Opt-in Plaintiffs in accordance with the Final Arbitration Award and dismiss the claims with prejudice.

Respectfully submitted this 2nd day of June, 2025.

| | |
|---|---|
| By:   *Mark Potashnick*<br>**Weinhaus & Potashnick**<br>Mark Potashnick (Mo. Bar #41315)<br>(admitted in D. Colo.)<br>11500 Olive Blvd., Suite 133<br>St. Louis, Missouri 63141<br>Telephone: (314)997-9150 ext. 2<br>markp@wp-attorneys.com<br><br>**Biller & Kimble, LLC**<br>Andrew R. Biller (admitted D. Colo.)<br>Andrew P. Kimble (admitted D. Colo.)<br>Laura E. Farmwald (admitted D. Colo.)<br>8044 Montgomery Road, Suite 515<br>Cincinnati, OH 45236<br>Telephone: (513) 202-0710<br>Facsimile: (614) 340-4620<br>*abiller@billerkimble.com*<br>*akimble@billerkimble.com*<br>*lfarmwald@billerkimble.com*<br><br>**Livelihood Law, LLC**<br>David Lichtenstein<br>12015 East 46th Avenue, Suite 240<br>Denver, CO 80239<br>Telephone: (720) 465-6972<br>drl@livelihoodlaw.com<br><br>*Counsel for Plaintiffs* | Micah D. Dawson, Esq.<br>FISHER & PHILLIPS LLP<br>1125 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 218-3665<br>E-mail: mdawson@fisherphillips.com<br><br>*s/ Kathleen McLeod Caminiti*<br>Kathleen McLeod Caminiti, Esq.<br>FISHER & PHILLIPS LLP<br>430 Mountain Avenue, Suite 303<br>Murray Hill, New Jersey 07974<br>Phone: (908) 516-1050<br>E-mail: kcaminiti@fisherphillips.com<br><br>*Attorneys for Defendants* |