IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:21-cv-00946-DDD-SBP

BENJAMIN NAGEL,
on behalf of himself and those similarly situated,

    Plaintiff,

v.

DFL PIZZA, LLC;
JAY FEAVAL;
CHARLES DOLAN;
JOHN DOE CORP. 1-10; and
JOHN DOE 1-10,

    Defendants.

## ORDER CONFIRMING ARBITRATION AWARD

On March 4, 2025, the parties reported to the Court that the above referenced matter had been settled and that the issue of approval of their Settlement Agreement and Release would be submitted to arbitration. Thereafter, the Court administratively closed the claims pending such arbitration. Dkt. 201. The parties have now jointly moved the Court to reopen the case and for confirmation of the Final Arbitration Award. Dkt. 202. For the reasons stated below, the motion is granted.

As part of the Settlement, the parties submitted the issue of approval of the Settlement to arbitration to Jerome A. Diekemper, Arbitrator https://www.jadiekemperllc.com/. On June 2, 2025, Arbitrator Diekemper issued the Final Approval Award approving the parties' Settlement.

The Federal Arbitration Act provides for judicial confirmation of

- 1 -

arbitration awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Judicial review of an arbitration award is "extremely limited" and "among the narrowest know to law." *Dish Network, LLC v. Ghosh*, 752 Fed. App'x. 589, 592 (10th Cir. 2018). Absent one of the limited reasons to vacate an arbitration award, a court must confirm. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008); *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 180, 1083–84 (10th Cir. 2017).

Deciding whether to confirm an arbitration award is a two-step inquiry. *Int'l. Label Serv., Inc. v. Engineered Data Prods., Inc.*, 15 F. App'x. 717, 719 (10th Cir. 2001). First, the movant must establish subject-matter jurisdiction. *Id.* Second, the movant must establish that the parties agreed explicitly or implicitly to judicial confirmation. *Id.*

The Court has subject-matter jurisdiction. "[B]ecause the FAA does not create any independent federal-question jurisdiction, there must be diversity of citizenship or some other independent basis for federal jurisdiction before a federal court can act under the FAA." *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (internal quotation and citation omitted). Here, the case was brought pursuant to the FLSA, a federal statute. The Court has federal-question jurisdiction under 28 U.S.C. § 1331. Further, when the Court granted the parties' Joint Motion to Stay to Permit Time To Finalize Settlement And Obtain Approval

- 2 -

(Dkt. 199), it administratively closed the case rather than dismissing it. Dkt. 201. The Court has therefore retained jurisdiction to confirm the arbitration award. *See Dodson Int'l. Parts, Inc. v. Williams Int'l., Co.*, 12 F.4gth 1212, 1227 (10th Cir. 2021) (recognizing subject-matter jurisdiction when a court with subject-matter jurisdiction stays the suit pending arbitration proceedings, because that court retains jurisdiction to confirm the arbitration award).

The Court also finds there are no grounds to vacate, modify, or correct the Final Arbitration Award under the Federal Arbitration Act, Section 10, 9 U.S.C. § 10. *Dodson Int'l. Parts,* 12 F.4th at 1229 (a district court must confirm an arbitration award unless it finds grounds to vacate the award under Section 10, 9 U.S.C. § 10). Neither side contends or presents evidence showing that the Final Arbitration Award was procured by corruption, fraud or undue means; that there has been evident partiality or corruption in the arbitration; that the arbitrator was guilty of misconduct in refusing to postpone any hearing, refusing to hear evidence pertinent or material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced; or that the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Thus, the Final Arbitration Award is confirmed.

## CONCLUSION

The Parties' Joint Motion to Reopen Case and Confirm Arbitration Award (Dkt, 202) is GRANTED. The stay previously entered is lifted and the Final Arbitration Award issued June 2, 2025 is CONFIRMED in the matter styled *Benjamin Nagel, et al. v. DFL Pizza, LLC, et al.* (Diekemper). The action is DISMISSED with prejudice in accordance

with the Arbitrator's Award.[1]

DATED: June 3, 2025

BY THE COURT:

_____
~~Daniel D.~~ Domenico
United States District Judge

---

[1] The Court notes that the Arbitrator's Award states that the parties have waived all appeal rights subject only to satisfaction of the terms of the Settlement confirmed by the Arbitrator's Award.

- 4 -